**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 17-2936 & 18-2579

_____

YANET CANDELARIO SALAZAR,
                                                      Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                                      Respondent

_____

On Petition for Review of Final Orders
of the Board of Immigration Appeals
(No. A208-931-864)
Immigration Judge: Mirlande Tadal

_____

Submitted Under Third Circuit L.A.R. 34.1(a):
January 26, 2021

Before: RESTREPO, BIBAS, and PORTER,
*Circuit Judges*.

(Opinion Filed: March 17, 2021)

_____

OPINION*

_____

PORTER, *Circuit Judge*.

Yanet Candelario Salazar, a native of Cuba and citizen of Canada, petitions for

review of two decisions of the Board of Immigration Appeals. In the Board's first

---

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding
precedent.

decision, it (1) dismissed her appeal of the Immigration Judge's ("IJ") denial of her applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT); and (2) rejected her request to remand the case to the IJ for further proceedings. In the Board's second decision, it denied her motion to reopen. Candelario Salazar has failed to properly challenge the agency's dismissal of her applications for asylum, withholding of removal, and CAT protection.[1] So the gravamen of her argument is that the Board abused its discretion—first when it denied her request for remand, and later when it denied her motion to reopen. For the reasons stated below, the Board did not abuse its discretion, so we will deny both petitions for review.

**I**[2]

Beginning with Candelario Salazar's first petition, the Board did not abuse its discretion in denying her request for remand for three reasons: (1) the IJ lacked

---

[1] Candelario Salazar fails to properly challenge the agency's denial of her applications for asylum and withholding of removal because she does not contest the agency's finding that she failed to establish that the Canadian government is unable or unwilling to protect her. *See Khan v. Att'y Gen.*, 691 F.3d 488, 495 n.4 (3d Cir. 2012). And we may not review the IJ's denial of her CAT claim because she failed to challenge that denial before the Board. *See Bin Lin v. Att'y Gen.*, 543 F.3d 114, 120–21 (3d Cir. 2008).

[2] We have jurisdiction under 8 U.S.C. § 1252(a). "Where, as here, [the Board's] opinion directly states that [the Board] is deferring to the IJ, or invokes specific aspects of the IJ's analysis and factfinding in support of [the Board's] conclusions, we review both decisions." *Sunuwar v. Att'y Gen.*, No. 20-2091, --- F.3d ---, ---, 2021 WL 728417, at *4 (3d Cir. Feb. 25, 2021) (internal quotation marks omitted). We review legal conclusions de novo, *Huang v. Att'y Gen.*, 620 F.3d 372, 379 (3d Cir. 2010), and factual findings for substantial evidence, *Guo v. Ashcroft*, 386 F.3d 556, 561 (3d Cir. 2004). That means "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). *See Guo*, 386 F.3d at 561. We review denials of motions to remand and reopen for abuse of discretion. *Huang*, 620 F.3d at 390. And we will not disturb the Board's discretionary denials unless they are

jurisdiction to review her adjustment-of-status claims; (2) she failed to meet the requirements for an ineffective-assistance-of-counsel claim; and (3) the IJ's denial of her fifth motion for a continuance was not an abuse of discretion.

**A**

Candelario Salazar asked the Board to remand her case for the IJ to consider her adjustment-of-status application under the Cuban Adjustment Act. The Board properly denied her request for remand because the IJ lacked jurisdiction over her adjustment-of-status application. If an alien, like Candelario Salazar, is not admitted or paroled upon entry to the United States, an IJ does not have jurisdiction over her adjustment-of-status application unless the Department of Homeland Security (DHS) placed the alien in removal proceedings pursuant to a grant of advance parole. 8 C.F.R. § 1245.2(a)(1)(ii)(D) (2021). Though Candelario Salazar claims that she was (or should have been) paroled into the United States, there is no evidence in the record supporting that claim. Rather, the record evidence indicates that, upon her return, she was an inadmissible arriving alien who did not receive a grant of advance parole prior to her departure from the United States.

She did not obtain advance parole before she left the United States to visit Panama. And when she tried to return to the United States three days later, U.S. Customs and Border Patrol agents detained her, charged her with being an inadmissible arriving

---

"arbitrary, irrational, or contrary to law." *Guo*, 386 F.3d at 562 (quoting *Tipu v. INS*, 20 F.3d 580, 582 (3d Cir. 1994)).

alien, and did not parole her into the United States. Her attorney admitted as much before the IJ, saying that she "wasn't admitted. She's classified as an arriving alien." A.R. 498. The IJ thus lacked jurisdiction over Candelario Salazar's adjustment-of-status application, and the Board did not abuse its discretion by denying her request for remand.

**B**

The Board also properly declined to remand Candelario Salazar's proceedings based on her ineffective-assistance-of-counsel claim. She claimed that her former counsel was ineffective because he did not timely inform her of her eligibility for special-rule cancellation of removal under 8 U.S.C. § 1229b, but she failed to meet the procedural requirements for making an ineffective-assistance-of-counsel claim.

The Board has long held that an alien alleging ineffective assistance of counsel must provide: (1) an affidavit explaining her agreement with prior counsel regarding her legal representation; (2) evidence she gave prior counsel an opportunity to respond to the ineffective-assistance-of-counsel allegation; and (3) either a showing that a complaint against prior counsel has been filed with the proper disciplinary authorities or an explanation of the reasons why not. *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988). We have held that the Board's enforcement of the three-prong *Lozada* test generally is not an abuse of its wide-ranging discretion. *Xu Yong Lu v. Ashcroft*, 259 F.3d 127, 133 (3d Cir. 2001). And we have previously upheld the Board's denial of a motion to reopen "for failure to comply with the procedural requirements of *Lozada*." *Mudric v. Att'y Gen.*, 469 F.3d 94, 100 (3d Cir. 2006).

4

Candelario Salazar's brief to the Board did not meet any of the *Lozada* requirements. Her brief provided general allegations about her former counsel's failures but failed to include any of the documents or evidence required by *Lozada*. The Board thus did not abuse its discretion when it declined to remand proceedings based on her ineffective-assistance-of-counsel claim.

C

Lastly, Candelario Salazar asked the Board to remand her case to the IJ on the ground that the IJ improperly denied her request for a continuance to file an application for cancellation of removal. But Candelario Salazar never made such a request to the IJ, so the Board properly rejected her request for a remand.

Candelario Salazar claimed that the IJ denied her request for "a continuance to allow [her] to file for cancellation of removal." A.R. 403. But she never notified the IJ of her intent to file an application for cancelation of removal. In fact, during the asylum hearing, the IJ observed, "[s]he's not seeking cancellation of removal," and her attorney affirmed the observation, replying, "[n]o." A.R. 501.

Candelario Salazar also argues that the IJ's denial of her continuance request made her new counsel unable to prepare a brief in support of her asylum claims. This argument fails because she raises it for the first time in her brief to this Court. We "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). She failed to exhaust this issue because she did not raise it before the Board. *See Bin Lin v. Att'y Gen.*, 543 F.3d 114, 120–21 (3d Cir. 2008). We thus lack the jurisdiction to review it now. *See id.*

## II

Turning to Candelario Salazar's second petition, the Board did not abuse its discretion in denying her request to reopen because (1) each of her claims was untimely, except for her request for adjustment of status under the Violence Against Women Act ("VAWA"); and (2) she was not (and is not) eligible for adjustment of status under VAWA.

### A

As the Board noted, Candelario Salazar's motion to reopen was untimely. An alien may file one motion to reopen no later than ninety days after the agency rendered the final administrative decision. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2) (2021). The Board issued its decision on August 30, 2017, but Candelario Salazar did not file her motion to reopen until December 13, 2017. Her motion to reopen was thus untimely and properly rejected by the Board. But her adjustment-of-status claim under VAWA was not untimely because the ninety-day filing deadline does not apply to aliens who self-petitioned with U.S. Citizenship and Immigration Services. 8 U.S.C. § 1229a(c)(7)(C)(iv).

### B

The Board properly rejected Candelario Salazar's motion to reopen because she was not (and is not) eligible for adjustment of status under VAWA. Because she is not currently the spouse of a U.S. citizen, the only way for her to be eligible for adjustment of status under VAWA is by proving that she was "a bona fide spouse of a United States citizen within the past 2 years." 8 U.S.C. § 1154(a)(1)(A)(iii)(II)(aa)(CC). She argues that

6

she should be eligible for adjustment of status under VAWA because her common-law marriage to Douglas Roche—a U.S. citizen—made her a bona fide spouse under the statute. But regardless of whether her alleged common-law marriage to Roche made her a bona fide spouse, she is ineligible for adjustment of status because her common-law marriage did not exist "within the past 2 years." *Id.*

She testified that she lived with Roche in a common-law relationship from early 2007 to February 5, 2011. Then, on May 1, 2013, a Canadian court ordered Roche to pay alimony and child support to Candelario Salazar. She left Canada for the United States later that May. So when she filed her adjustment-of-status application in September 2017, she was not a bona fide spouse of a U.S. citizen "within the past two years." *Id.* Any spousal relationship with Roche ended on or before May 1, 2013. Thus, the Board did not abuse its discretion in denying her motion to reopen.

\* \* \*

We will deny both petitions for review.